Filed 12/5/24  P. v. Silva CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>HELIODORO ARREOLA SILVA,<br><br>    Defendant and Appellant. | F085953<br><br>(Super. Ct. No. CRM036247A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Richard M. Oberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2016, a jury convicted petitioner Heliodoro Arreola Silva with the first degree murder of Rodolfo B. (Pen. Code,[1] §§ 187, subd. (a), 189, count 1) and the first degree murder of Reyes B. (§§ 187, subd. (a), 189, count 2).[2]  For both counts, the jury found true the special circumstance that Silva committed the murders during the commission or attempted commission of a kidnapping (§ 190.2, subd. (a)(17)(B)).  For each murder, the trial court imposed consecutive life sentences without the possibility of parole, plus an additional one-year term for a firearm enhancement.  (*People v. Silva* (Aug. 7, 2019, F074899) [nonpub. opn.] (*Silva I*).)

In 2019, Silva filed a petition for resentencing on his murder convictions pursuant to former section 1170.95 (now § 1172.6).[3]  The trial court summarily denied the petition at the prima facie stage.  Subsequently, this court held that because "the jury found true the kidnapping special circumstance (§ 190.2, subdivision (a)(17)(B), (M))," it "was required to find petitioner acted with intent to kill, whether as the actual killer or an aider and abettor."  Thus, "the jury made the requisite findings necessary to sustain a murder conviction under the law as amended by Senate Bill No. 1437 [(2017-2018 Reg. Sess.)]." (*People v. Silva* (Apr. 28, 2022, F080879) [nonpub. opn.] (*Silva II*).)[4]

Subsequently, on January 20, 2023, Silva filed a second petition for resentencing. In this petition, Silva did not make any declaration regarding his eligibility for

---

[1]  All further references are to the Penal Code, unless otherwise stated.

[2]  Petitioner was convicted of additional offenses and enhancements, as described below.

[3]  Former section 1170.95 has been renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the current section 1172.6 in this opinion.

[4]  On September 14, 2023, this court took judicial notice of the records on appeal in both *Silva I* and *Silva II*.  We not only take judicial notice of the records on appeal, but also take judicial notice of the procedural history stated in *Silva II* relating to the denial of the petition for resentencing.  (See § 1172.6, subd. (d)(3).)

resentencing pursuant to section 1172.6, but rather complained he was never appointed an attorney to represent him at the prima facie stage. The trial court summarily denied the petition.

In this appeal, Silva contends: (1) the law of the case doctrine does not bar the petition for resentencing; (2) he is entitled to an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3) because his convictions do not establish he is guilty of first degree murder under the current law; and (3) to the extent that former trial counsel "caused any forfeiture, claim preclusion, issue preclusion, estoppel doctrine, or law of the case preclusion, [he] is entitled to reversal based on ineffective assistance of counsel."

We affirm the trial court's denial of the second petition based on it being precluded under the doctrine of issue preclusion. We do not address the claims Silva raises for the first time on appeal.

## PROCEDURAL BACKGROUND

*Underlying Charges and Convictions*

In *Silva II*, we previously summarized the procedural background regarding petitioner's convictions as follows:

> "On October 19, 2016, the Merced County District Attorney filed a first amended information charging [Silva] with the first degree murders of Rodolfo (§§ 187, subd. (a), 189; count 1) and Reyes (§§ 187, subd. (a), 189; count 2) with the special circumstances [Silva] was convicted of more than one offense of murder in the first or second degree (§ 190.2, subd. (a)(3)) and that the offenses were committed during the commission or attempted commission of a kidnapping (§ 190.2, subd. (a)(17)(B)), along with an enhancement that one of the principals was armed with a firearm (§ 12022, subd. (a)(1)); the kidnapping of Rodolfo (§ 207, subd. (a), count 3) with two firearm enhancements (§§ 12022, subd. (a)(1), 12022.53, subd. (b)) and the kidnapping of Reyes (§ 207, subd. (a), count 4) with two firearm enhancements (§§ 12022, subd. (a)(1), 12022.53, subd. (b)).

> "On November 4, 2016, a jury convicted [Silva] of two counts of first degree murder (§§ 187, subd. (a), 189, counts 1, 2), and two counts of kidnapping (§ 207, subd. (a); counts 3, 4). As to the first degree murder convictions, the jury found true the special circumstances that [Silva] had

3.

been convicted of more than one offense of murder in the first or second degree (§ 190.2, subd. (a)(3)) and that the murders were committed while [Silva] was engaged in, or was an accomplice in, the commission of, or attempted commission of a kidnapping (§ 190.2, subd. (a)(17)(B)), along with the enhancement that during the commission of the offense one of the principals was armed with a firearm (§ 12022, subd. (a)(1)). As to the kidnapping convictions, the jury found true that during the commission of the offense one of the principals was armed with a firearm (§ 12022, subd. (a)(1)).

"On December 8, 2016, the trial court sentenced [Silva] on count 1 to a term of life without the possibility of parole with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1)). On count 2, the trial court sentenced [Silva] to a second consecutive term of life without the possibility of parole with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1)). On count 3, the trial court sentenced [Silva] to a consecutive term of eight years with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1)). On count 4, the trial court sentenced [Silva] to a consecutive term of five years with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1))."[5]  (*Silva II*, *supra*, F080879, fn. omitted.)

### *First Section 1172.6 Petition*

"On December 31, 2019, [Silva], in propria persona, filed a petition for resentencing on his murder convictions pursuant to [former] section 1170.95. In the form petition, [Silva] stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine and that he was convicted of first or second degree murder at trial. [Silva] also requested the court appoint counsel during the resentencing process and stated that he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; that the murder victim was not a peace officer acting in the performance of his or her duties; and that there was a prior determination by the court or jury that found that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d)." (*Silva II*, *supra*, F080879.)

---

[5]  In *Silva I*, this court modified the judgment by striking a parole revocation restitution fine (§ 1202.45) and affirmed the judgment as modified. (*Silva I*, *supra*, F074889.)

4.

On January 21, 2020, the trial court concluded Silva was ineligible for relief because:

> " '[T]he record is clear that even though [Silva] was not the actual killer, he, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the murder in the first degree, and/or he was a person who acted as a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. This is clear because the jury found the kidnapping special circumstances allegation to be true. The jury could only find this true if they found [Silva] either aided and abetted in the murder with the intent to kill, or he was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*Silva II*, *supra*, F080879.)

On appeal, we affirmed. We noted that the trial court erred in failing to appoint counsel and not providing Silva an opportunity to brief the merits of the petition, but concluded that he was not prejudiced by these errors because "[t]he jury was expressly instructed on the elements of the kidnapping special circumstance allegation, which required a finding that [Silva] aided and abetted the murder with intent to kill, and by finding the special circumstance true the jury made the requisite findings necessary to sustain a murder conviction under the amended law." (*Silva II*, *supra*, F080879, fn. omitted.)

*Second Section 1172.6 Petition*

On January 20, 2023, Silva filed a second petition for resentencing pursuant to section 1172.6. In this second petition, Silva never made any declarations as to his eligibility for resentencing relief, but rather complained of the fact he was denied representation. However, he did state he "never has committed any crime … [and] never has been guilty of reckless indifferen[ce] to human life or being a major participant." As to this second petition, neither trial counsel nor the People filed briefing.

Subsequently, on February 16, 2023, the trial court ruled as follows:

"On January 20, 2023, [Silva] filed a Petition for Resentencing Pursuant to Penal Code § 1172.6 and Senate Bill No. 775, and requests appointment of counsel. This request was already litigated, appealed, and affirmed. The Fifth District Court of Appeal has found [Silva] ineligible for resentencing under section 1172.6."

## DISCUSSION

### I.     Section 1172.6

"In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which altered the substantive law of murder for accomplices in two respects. (Stats. 2018, ch. 1015, § 1(f).) First, with certain exceptions, it narrowed the scope of the felony-murder rule so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' (§ 189, subd. (e)(1)-(3).) Second, it now requires that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).) In other words, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (*Ibid*.) This aspect of Senate Bill No. 1437 eliminated liability for murder as an aider and abettor under the natural and probable consequences doctrine. (*People v. Arellano* (2024) 16 Cal.5th 457, 467-468 (*Arellano*), quoting *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*).)

"Senate Bill No. 1437 also created 'a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.' (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The Legislature subsequently amended the statute to expand the categories of those eligible for relief, codify certain aspects of our decision in *Lewis*, and clarify certain procedures at the evidentiary hearing. (Stats. 2021, ch. 551,

§ 1.) [¶] Under section 1172.6, subdivision (a), 'A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime … may file a petition with the court that sentenced the petitioner to have the petitioner's murder … conviction vacated and to be resentenced on any remaining counts.…' '[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (*id.*, subd. (b)(1)(A)), including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019," the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3)).' [Citation.] 'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c); [citation].) If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); [citation].) If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." (§ 1172.6, subd. (c).)' " (*Arellano*, *supra*, 16 Cal.5th at pp. 468-469, fn. omitted.)

"Within 60 days after the order to show cause has issued, the court is to conduct a hearing to determine whether 'the prosecution [can] prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (d)(3).) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges' (*ibid.*), 'as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence' (*id.*, subd. (d)(1)). Where … the murder 'was charged generically' (*id.*, subd. (e)) – i.e., not limited to any particular theory of liability [citation] – and the target

offense or underlying felony 'was not charged,' '[t]he petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes.' (§ 1172.6, subd. (e).)" (*Arellano*, *supra*, 16 Cal.5th at p. 469.)

## II. Issue Preclusion

Although not necessarily clear, it appears the trial court denied the petition on preclusion grounds when the court stated, "This request was already litigated, appealed, and affirmed." We conclude the petition was barred under the doctrine of issue preclusion.[6]

" 'In general, whether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion, also known as collateral estoppel.' " (*Curiel*, *supra*, 15 Cal.5th at p. 451, quoting *People v. Strong* (2022) 13 Cal.5th 698, 715 (*Strong*).) " 'The doctrine of collateral estoppel, or issue preclusion, is firmly embedded in both federal and California common law. It is grounded on the premise that "once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed." [Citation.] "Collateral estoppel … has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." ' " (*Curiel*, at p. 451, quoting *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 864.)

"As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided 'only if several threshold requirements are fulfilled. First, the issue

---

[6] The People argue "[t]his Court's previous legal determination that [Silva] is ineligible for resentencing as a matter of law constitutes law of the case [and] [a]ccordingly, [Silva] may not re-litigate that previously decided question of law." However, courts analyzing the preclusive effect of prior section 1170.95 petitions have done so under the doctrine of issue preclusion. (E.g., *People v. Farfan* (2021) 71 Cal.App.5th 942, 950-951 [successive petition may be filed premised on changes in law].)

sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' " (*Strong*, *supra*, 13 Cal.5th at p. 716.)  " 'The party asserting collateral estoppel bears the burden of establishing these requirements.' " (*Curiel*, *supra*, 15 Cal.5th at p. 452.)  However, issue preclusion does not apply when there has been a significant change in the law with regard to the determination of a relevant issue.  (*Strong*, at p. 717.)

We begin our analysis with the premise that the second petition did not raise any of the issues Silva presents on appeal.  To the contrary, Silva's second petition *never* mentioned his eligibility for section 1172.6 resentencing, but rather it focused on the lack of representation from counsel.[7]  In the petition, Silva did not present any new arguments and nothing from the petition suggested these issues were not resolved in the prior proceeding.  Therefore, the issues, as presented, were plainly barred by issue preclusion and thus, we cannot say the trial court erred in denying the petition.

Because the trial court did not err, we decline to address in the first instance the merits of the argument Silva has raised for the first time on appeal.  In his opening brief, Silva concedes he may have been guilty of second degree murder, but argues "the [kidnapping] special circumstance does not encompass the essential elements of first degree murder under the current law…[and thus,] the trial court should have accepted

---

[7]  This lack of representation was already addressed in *Silva II*, when this court stated, "[T]he trial court erred in disposing of the [former] section 1170.95 petition without … *the assistance of counsel* … [however,] [w]e conclude [Silva] cannot demonstrate prejudice because the record establishes he is ineligible for resentencing as a matter of law."  (*Silva II*, *supra*, F080879, italics added.)

9.

[his] *prima facie* claim for resentencing and ordered an evidentiary hearing under Penal Code section 1172.6, subdivision (d)(3), to determine whether [he] is guilty of first degree murder." This argument was not presented in or resolved by the trial court. The trial court's ruling, based as it was on preclusion, did not address the merits of Silva's resentencing eligibility.

Thus, the proper avenue, if any, for Silva to raise this argument is through a new petition for resentencing filed in the trial court. (*People v. Farfan*, *supra*, 71 Cal.App.5th at p. 951.) We take no position on the outcome of such proceedings.

## DISPOSITION

The trial court's February 16, 2023 order denying the petition is affirmed.

SMITH, Acting P. J.

WE CONCUR:

SNAUFFER, J.

DE SANTOS, J.

10.